UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **CARRIE DEVORAH,** | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| **YOUNG AMERICA'S FOUNDATION,** | District Judge: _____ |
| | Magistrate Judge: _____ |
| Please Serve: R/A Victor Bernson | |
| 11480 Commerce Park Dr. | |
| STE 600 | |
| Reston, VA 20191 | |
| | **TRIAL BY JURY DEMANDED** |
| Defendant. | |

## COMPLAINT
### (Copyright Infringement and Copyright Management Information Violation)

COMES NOW, Plaintiff, Carrie Devorah ("Plaintiff"), by and through her undersigned counsel, and moves this Honorable Court for judgment against Defendant, Young America's Foundation ("Defendant"), on the grounds and praying for the relief hereinafter set forth:

### Parties

1. Plaintiff at all times relevant hereto has been an individual residing in the Commonwealth of Virginia and the copyright holder, with exclusive rights as copyright claimant, to '*GOD IN THE TEMPLES OF GOVERNMENT*', a series of photographs and still images of religious iconography featured in and around government buildings in the United States.

2. Defendant is a domestic nonstock corporation with its principal place of business in Reston, Virginia. At all times relevant herein, Defendant was engaged in the business of political

1

advocacy and youth outreach.

## Jurisdiction

3. This Court has subject matter jurisdiction of the copyright claims based upon 28 U.S.C.A. § 1331 and 1338(a) in that the controversy stated arises under the Copyright Act of 1976 (codified at 17 U.S.C.A. § 101, *et seq.*, the "Copyright Act"), which falls within the exclusive jurisdiction of the federal courts pursuant to 28 U.S.C.A. § 1331.

4. This Court has *in personam* jurisdiction over Defendant to this action pursuant to Fed. R. Civ. P. 4(k)(1)(A) and under Va. Code Ann. § 8.01-328.1(A)(1), because Defendant made multiple, unauthorized copies and publications of copyrighted content, which it distributed to Virginia residents while it conducted business and provided services in Virginia.

5. Plaintiff is informed and believes and, based thereon, alleges that Defendant has purposely availed itself of the courts of the Commonwealth of Virginia by infringing upon Plaintiff's rights as the copyright holder to '*GOD IN THE TEMPLES OF GOVERNMENT*'.

6. Plaintiff is informed and believes and, based thereon, alleges that Defendant directly, repeatedly, and persistently infringed on Plaintiff's rights as a copyright claimant.

## Venue

7. Venue is proper in the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C.A. § 1391(b)(1), and L. Civ. R. 3(C), because a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred in this judicial District and in this division, and Defendant's principal place of business in located in Reston , Virginia. Defendant infringed upon Plaintiff's rights regarding the to '*GOD IN THE TEMPLES OF GOVERNMENT*' in this judicial District and in this division.

**Statement of Facts**

8.      Plaintiff is an award winning photojournalist whose works are featured in museums around the world.

9.      In 2003, Plaintiff authored '*GOD IN THE TEMPLES OF GOVERNMENT*" (the "Copyrighted Works"), which are the copyrighted works at issue in this case, with the respective Copyright Registration Certificates[1] attached hereto as **Exhibit A** and incorporated herein by such reference.

10.     In 2003, Plaintiff applied for and was selected for an internship through the National Journalism Center ("NJC"). NJC placed her for an internship at Human Events ("HE"). The Copyrighted Works were created by Plaintiff while she interned for HE.

11.     Though Plaintiff was interning with HE during the time period in which she created the Copyrighted Works, the Copyrighted Works were not a work mad-for-hire, as they were neither commissioned or specially ordered by HE, nor prepared by the Plaintiff within the scope of her unpaid internship with NJC, nor is there any document assigning any rights in the Copyrighted Works to HE.

12.     During her internship, Plaintiff granted a limited license, without the ability to sublicense, to the Copyrighted Works to HE for the limited purpose of its reproduction and display of such works in its *Gods in the Temples of the Government* Project (the "Project"). No further license(s) as to the Copyrighted Works were granted to HE.

13.     As a result, Plaintiff has at all times relevant herein and continues to maintain the sole and exclusive rights to the Copyrighted Works.

---

[1] U.S. Copyright Registration No. VA0001683305. Registered August 8, 2007.
  U.S. Copyright Registration No. PA0001774049. Registered January 11, 2011.

14. Since or about 2003, Plaintiff has licensed the Copyrighted Works through various publishing companies, and thereby, the Copyrighted Works are of substantial commercial value to Plaintiff.

15. In or about June 2014, Defendant created and distributed a poster featuring the Copyrighted Works at a rally for the Supreme Court for *Sebelius v. Hobby Lobby Stores* (the "Poster"), without attribution to Plaintiff.

16. On or about June 30, 2014, Defendant donated a Poster from the rally featuring the Copyrighted Works to the Smithsonian Institution National Museum of American History and claimed the donation on its 2015 990 IRS informational return, without attribution to Plaintiff.

17. In or about mid-late September 2018, Plaintiff first became aware that Defendant published and offered the Poster for sale on its website, https://www.yaf.org/store/ (the "Website") as a means to generate revenue for YAF. Defendant continued to publish and offer the Poster for sale on the Website until at least July 2020.

18. Specifically, Defendant published and offered for sale photographs comprising the Copyrighted Works in the Poster, a copy of which is attached hereto as **Exhibit B** and incorporated herein by such reference.

19. At no point did Plaintiff, nor any authorized agent or permitted licensee of Plaintiff, give permission to Defendant to reproduce or use the Copyrighted Works for any purpose, including but not limited to, the use of portions of the Copyrighted Works in the Poster.

20. Shortly after Plaintiff discovered the Poster, Plaintiff notified Defendant that the Poster infringed her exclusive rights in the Copyrighted Works. Despite this notice, Defendant continued to publish, sell, and distribute the Poster.

21. Subsequent notices of Defendant's infringing activity were sent to Defendant on July 1,

2019, July 10, 2019, August 14, 2019, and June 23, 2020. These notices were similarly ignored.

22. The United States Copyright Act, 17 U.S.C. §107, provides an exception for the republication of a copyrighted work in certain circumstances under the Fair Use doctrine (the "Doctrine"). The Doctrine applies only if the character of the work is transformative, rather than commercial, such as to provide criticism, commentary, or a news report.

23. The identical copying of the Copyrighted Works in the Poster did not transform or add something new to the Copyrighted Works nor was the use for a different function or purpose than the original work.

24. Further, any license granted by Plaintiff to HE, if any, does not allow HE to use the Copyrighted Works beyond use in the Project or sublicense the works, including, *inter alia*, use of the Copyrighted Works by any third party, insofar Defendant's purports that HE provided a license to it to use the Copyrighted Works.

25. It is clear Defendant used the Copyrighted Works for a commercial purpose, and therefore, the Doctrine does not apply.

26. Specifically, Defendant published the Copyrighted Works in the Poster for the entertainment of its customers and supporters in order to raise funds as unrelated business income.

27. The Copyrighted Works, as used in the Poster, provided no added commentary and presented no newsworthy additions.

28. Plaintiff is informed and believes and, based thereon, alleges that Defendant has directly, deliberately, and persistently copied the Copyrighted Works and when it published offered the Poster for sale on the Website.

29. Despite several demands to cease and desist use of the Copyrighted Works, and even

confirming receipt of several of those demands, Defendant did not remove from the Website the ability to purchase the Poster until July 2020.

30. Plaintiff never knowingly or willingly provided content or any other information relating to the Copyrighted Works to Defendant for publication and sale of the Poster on the Website or as used by Defendant elsewhere.

31. Defendant has wrongfully enriched itself by the unauthorized use of the Copyrighted Works through sales of the Poster; daily website traffic translating to donations to Defendant from the public; value of the donation claimed on its 2015 990 IRS informational return in connection with the donation of the Poster containing the Copyrighted Works to the Smithsonian Institution National Museum of American History; circumvention of licensing fees that should have otherwise been paid to Plaintiff for use of the Copyrighted Works; and other extrinsic value such as reputational benefits.

## COUNT I
### Direct Copyright Infringement of the Copyrighted Works

32. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint with the same force and vigor as if set out here in full.

33. Plaintiff is the owner and copyright claimant of the U.S. copyright in all rights, titles, and interests in the Copyrighted Works.

34. Defendant's unauthorized reproduction, distribution, public performance, display, and creation of a derivative work infringes Plaintiff's exclusive rights in violation of the Copyright Act.

35. Defendant did not seek or receive permission to copy or interpolate any portion of the Copyrighted Works in the Poster.

36. Plaintiff is informed and believes and, based thereon, alleges that Defendant's conduct has at all times been knowing, willful, and with complete disregard to Plaintiff's rights. Certainly, Defendant's conduct has been objectively willful from July 1, 2019 through July 2020 whereby Defendant had received, and confirmed receipt, of multiple letters to cease and desist use of the Copyrighted Works but choose to willfully ignore such demands.

37. Each day that the Poster remained on the Website constituted a continued and refreshed violation of the Copyright Act.

38. As a proximate cause of Defendant's wrongful conduct, Plaintiff has been irreparably harmed.

39. The Poster copied quantitatively and qualitatively distinct, important, and recognizable portions of the Copyrighted Works. *See e.g.*, **Exhibit B.**

40. The inclusion of the signature elements of the Copyrighted Works greatly enhanced the financial value of the Poster.

41. From the date of the creation of the Poster, Defendant has infringed Plaintiff's copyright interest, including by substantially copying, or authorizing the copying of the Copyrighted Works.

42. As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

    a. Reproduce the works in copies, in violation of 17 U.S.C.A. § 106(1) and 501;

    b. Redistribute copies of the Copyrighted Works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C.A. § 106(3) and 501;

    c. Perform the Copyrighted Works, in violation of 17 U.S.C.A. § 106(4) and 501, by showing the works' images in any sequence, by means of a device or process, to

      members of the public capable of receiving the display (as set forth in Section 101 of the Copyright Act's definitions of "perform" and "publicly" perform); and

      d. Display the Copyrighted Works, in violation of 17 U.S.C.A. § 106(5) and 501, by showing individual images of the works non-sequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in Section 101 of the Copyright Act's definition of "publicly" display).

43. Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C.A. § 504(c)(2).

44. Pursuant to 17 U.S.C.A. § 504(a), Plaintiff is entitled to actual damages and any additional profits of Defendant.

45. Due to the continued infringement despite repeated notice for over a year demanding that Defendant cease and desist use of the Copyrighted Works, Plaintiff, at her election and alternatively, is entitled to statutory damages pursuant to 17 U.S.C.A. § 504(c).

46. Due to the continued infringement despite repeated notice for over a year demanding that Defendant cease and desist use of the Copyrighted Works, Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C.A. § 505.

47. Defendant's conduct caused and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury which cannot be fully compensated or measured in monetary terms. Plaintiff has no adequate remedy at law and is entitled to a permanent injunction prohibiting the reproduction, distribution, sale, public performance, or other use or exploitation of the Poster, pursuant to 17 U.S.C.A. § 502.

## COUNT II
## False Copyright Management Information and
## Unauthorized Removal and Alteration thereof in Violation of 17 U.S.C.A. § 1202

48.     Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint with the same force and vigor as if set out here in full.

49.     Defendant has intentionally provided false Copyright Management Information (as that term is used under Section 1202 of the Copyright Act; "CMI"), and removed and altered CMI, including the name of the copyright claimant (Plaintiff) of the Copyrighted Works, knowing that it did not have the authority of Plaintiff or of the law, when it published the Copyrighted Works in the Poster.

50.     Defendant, by publishing the Copyrighted Works in the Poster, removed any and all identifiers that Plaintiff was the copyright claimant of the Copyrighted Works and when such Copyrighted Works were originally published.

51.     Further, when donating a Poster to the Smithsonian Institution National Museum of American History, Defendant did not identify Plaintiff as the copyright claimant but only identified itself. Plaintiff has since and recently contacted the Smithsonian Institution National Museum of American History to make such correction to her attribution rights.

52.     Defendant knew, or had reasonable grounds to know, that such actions would induce, enable, facilitate, or conceal an infringement of rights under the Copyright Act.

53.     As a direct, foreseeable, and proximate result of Defendant's removal and alteration to CMI, Plaintiff has been injured in that it has suffered, and will continue to suffer, monetary loss, loss of compensation, loss of opportunities, and expenses, in an amount to be proven at trial.

54.     Pursuant to 17 U.S.C.A. § 1203(c), Plaintiff is entitled to statutory damages.

55. Pursuant to 17 U.S.C.A. § 1203(c), Plaintiff is entitled to actual damages and any additional profits of Defendants.

56. Plaintiff is entitled to her costs, including reasonable attorneys' fees, pursuant to 17 U.S.C.A. § 1203(b).

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff respectfully pray that this Honorable Court:

A. Enter judgment on Plaintiff's behalf against Defendant;

B. A declaration that the Defendant has willfully infringed Plaintiff's Copyrighted Works in violation of the Copyright Act;

C. A declaration that Defendant has willfully altered and/or removed Plaintiff's copyright management information (CIM) from the Copyrighted Works when publishing the Poster on the Website and through physical sales or donations of the Poster in violation of the Copyright Act;

D. A declaration the Defendant's conduct has been willful and that Defendant has acted with malice and oppression;

E. For a permanent injunction enjoining and restraining the Defendant and its agents, servants, employees, officers, attorneys, successor, licensees, partners, and assigns, and all persons acting in concert or participation with each or any one of them, from manufacturing, reproducing, distributing, adapting, displaying, advertising, promoting,

offering for sale and/or selling, or performing any of the Infringing Content or any portion of the Website or anything substantially similar thereto, and to cease directly indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing and/or participating in the infringement of any of Plaintiff's protected rights by the Copyright Act, and to deliver to the Court for destruction or other reasonable disposition all such materials, inclusive of any Posters in its possession, custody, or control, and means for producing the same in its possession, custody, or control;

F. An award of damages pursuant to 17 U.S.C. § 504, or statutory damages, at Plaintiff's election;

G. An award of damages pursuant to 17 U.S.C. § 1203(c), or statutory damages, at Plaintiff's election;

H. An award of attorneys' fees and full costs pursuant to 17 U.S.C.A. § 505, 17 U.S.C.A. § 1203(b), and under other applicable law;

I. For pre-judgment and post-judgment interest according to law, as applicable; and

J. For such other relief as this Court may consider just and proper.

Dated: September 8, 2021                    Respectfully submitted,

                                            CARRIE DEVORAH

                                            By: /s/ _Steven Anderson_____
                                            Robert Powers, Esq.
                                            Steven Anderson, Esq.
                                            MCCLANAHAN POWERS, PLLC
                                            3160 FAIRVIEW PARK DRIVE, STE 410
                                            FALLS CHURCH, VA 22042
                                            Telephone: (703) 520-1326
                                            Facsimile:  (703) 828-0205
                                            Email: rpowers@mcplegal.com
                                                   sanderson@mcplegal.com
                                                   dmurphy@mcplegal.com
                                            *Counsel for Plaintiff*

11

## **CERTIFICATE OF TRANSMISSION**

       I hereby certify that the forgoing COMPLAINT with EXHIBITS are being electronically transmitted via the CM/ECF system of the U.S. District Court for the Eastern District of Virginia at https://ecf.vaed.uscourts.gov/ on the date noted below. The requisite filing fee of $400.00 and any additional fees related to this matter are being charged to an American Express credit card concurrently with this filing.

Date: September 8, 2021                                          By: /s/ _Steven Anderson_____
                                                                           One of the Attorneys for Plaintiff,
                                                                           CARRIE DEVORAH